IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DWAYNE CROOM,<br><br>    **Plaintiff,**<br><br>v.<br><br>DEEDEE BROOKHART, KYLE HENTON, WISE, SAWYER, JOHNSON, RUTHERLAND, MELLENDRUPH, JOHN DOE 1, and JOHN DOE 2,<br><br>    **Defendants.** | Case No. 25-cv-00088-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

  Plaintiff Dwayne Croom, an inmate in the custody of the Illinois Department of Corrections who is currently incarcerated at Lawrence Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. §1983 for alleged deprivations of his constitutional rights. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### THE COMPLAINT

  Plaintiff alleges that on January 31, 2023, he informed Correctional Officer Rutherland that the heat and hot water were not working in his cell and that his window was broken. (Doc. 1, p. 9). Rutherland responded to Plaintiff's complaint by telling him to "deal with it." Plaintiff then complained to Sergeant Johnson, who told Plaintiff that he would call the plumber. Johnson told Plaintiff that he would have to stay in the cell with the broken window, however, because Johnson

could not move him to a new cell. (*Id.*).

A few hours later, Plaintiff yelled at Lieutenant Wise to get Wise's attention and informed Wise that the heat and hot water were not working in his cell and that the cell was very cold. (Doc. 1, p. 9). Wise told Plaintiff that he knew the hot water and heat were not functioning but that was not his department. Plaintiff asked to be moved to a different cell since his window was broken and the temperatures were below a "safe and fair condition." Wise instructed Plaintiff to put on his coat and hat and then walked away from the cell. (*Id.*).

Plaintiff remained in his cell without heat, without hot water, and with a broken window until March 9, 2023. (Doc. 1, p. 9). Plaintiff continued to inform all staff who entered his wing about the cold conditions, including Major Heaton, Lieutenant Wise, Lieutenant Sawyer, Sergeant Johnson, Correctional Officer Rutherland, and Correctional Officer Mellendruph. (*Id.* at p. 10). No one, however, would provide him relief. He wrote three letters to Warden Brookhart on February 2, February 10, and February 17, 2023, complaining about his conditions, but he did not receive a reply. He also filed two grievances. The grievances were ultimately denied by Warden Brookhart. After filing his grievances, Brookhart issued Warden Bulletin #23-039 informing inmates that "we are doing everything in our power to get both the heat and water functioning again." (*Id.*).

Plaintiff states that the conditions were unbearable. (Doc. 1, p. 12). Because of the low temperatures it was difficult to sleep, and he was forced to constantly wear his coat, hat, and extra clothing to keep warm. (*Id.* at p. 10-11). The clothing he had was not adequate to protect him from the cold elements. (*Id.* at p. 13). He wrote to the clothing room supervisor, John Doe #1, requesting extra clothing but did not receive a reply until he wrote a grievance. (*Id.*). In response to the grievance, the clothing department stated that Plaintiff was previously issued two pairs of boxers, two pairs of socks, two wash cloths, and two bath towels on February 17, 2023, and that Plaintiff

would have to purchase t-shirts and thermals from the commissary. (*Id.* at p. 20). Plaintiff then tried to purchase more clothing at the commissary and was told the commissary was out of all requested items. (*Id.* at p. 13).

To keep warm in his cell, Plaintiff had to do physical activity such as push-ups and jumping jacks. (*Id.* at p. 11). Plaintiff asserts that because of the low temperature he could not engage in normal tasks. He was unable to read, write to his family, or do other daily activities. (*Id.*). Because of the cold conditions, Plaintiff became sick and was treated by Nurse Simmons on February 18, 2023. (*Id.* at p. 12).

## DISCUSSION

Based on Plaintiff's allegations and his articulation of his claims, the Court designates the following count:

> **Count 1:** Eighth Amendment claim against Brookhart, Henton, Wise, Sawyer, Johnson, Rutherland, Mellendruph, John Doe 1 (clothing supervisor), and John Doe 2 (commissary supervisor) for subjecting Plaintiff to unconstitutional conditions of confinement from January 31, 2023, through March 9, 2023.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

At this point in time, Plaintiff has sufficiently stated a claim against Defendants for unconstitutional conditions of confinement. *Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997).

## MOTION FOR RECRUITMENT OF COUNSEL

Plaintiff has filed a motion asking the Court to recruit counsel on his behalf. (Doc. 3; *see*

---

[1] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

*also* Doc. 1, p. 16-18). Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." When faced with a motion for recruitment of counsel the Court applies a two part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff has not provided any information on his efforts to obtain a lawyer himself prior to seeking assistance from the Court. Thus, he has failed to meet his threshold burden of demonstrating attempts to recruit counsel, and the motion is **DENIED**. Should Plaintiff choose to move for recruitment of counsel at a later date, the Court directs Plaintiff to: (1) contact at least three attorneys regarding representation in this case prior to filing another motion; (2) include in the motion the names and addresses of at least three attorneys he has contacted; and (3) if available, attach the letters from the attorneys who declined representation or copies of his payment voucher for postage.

### DISPOSITION

For the reasons set forth above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** will proceed against Brookhart, Henton, Wise, Sawyer, Johnson, Rutherland, Mellendruph, John Doe 1 (clothing supervisory), and John Doe 2 (commissary supervisor).

The Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court **SHALL** prepare for Defendants Brookhart, Henton, Wise, Sawyer, Johnson, Rutherland, Mellendruph, and John Doe 1 and John Doe 2 (once identified) the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and

(2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   July 1, 2025**

                                              *s/Stephen P. McGlynn*
                                              **STEPHEN P. MCGLYNN**
                                              **United States District Judge**

NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.